IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL DUNN | : | |
| *Plaintiff* | : | |
| vs. | : | |
| | : | No. |
| JACK FROST BIG BOULDER SKI RESORT | : | |
| *Defendant* | : | |
| and | : | |
| | : | |
| JFBB SKI AREAS, INC. | : | |
| *Defendant* | : | COMPLAINT |

## PARTIES

1. Plaintiff, Paul Dunn, is an adult individual and citizen of British – United Kingdom, residing at 113 Mount Laurel Road, Moorestown, New Jersey 08057.

2. Defendant, Jack Frost Big Boulder Ski Resort is a business entity regularly conducting business at 1 Jack Frost Mountain Road, Blakeslee, Carbon County, Pennsylvania 8610.

3. Defendant, JFBB Ski Areas, Inc., is a Pennsylvania corporation or similar entity registered to do business at 1 Jack Frost Mountain Road, Blakeslee, Carbon County, Pennsylvania 18610.

## JURISDICTION

4. Paragraphs 1 through 3 are incorporated herein by reference.

5. Jurisdiction is invoked pursuant to 29 U.S.C. Sec. 1332 based upon diversity of citizenship, as the action is between citizen of British – United Kingdom and a business entity regularly conducting business in Carbon County, Pennsylvania.

6. The matter in controversy exceeds, exclusive of interest and costs the sum of

$75,000.00, exclusive of costs and interest.

7. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 13919b)(2), as this is the judicial district where the accident occurred.

## FACTUAL ALLEGATIONS

8. Paragraphs 1 through 6 are incorporated herein by reference.

9. At all times material to Plaintiff's cause of action, Defendants were the owners, possessors, maintainers, and responsible for the Jack Frost Big Boulder Ski Resort, hereinafter referred to as "Big Boulder" at 1 Jack Frost Mountain Road, Blakeslee, Carbon County, Pennsylvania 18610.

10. At all times relevant hereto, Defendant, JFBB Ski Rersorts, Inc. engaged in the business of, among other things, owning, operating and maintaining a ski resort open to the public, including Plaintiff, a registered business invitee. One such ski resort, being known commonly as Jack Frost Big Boulder at 1 Jack Frost Mountain Road, Blakeslee, Carbon County, Pennsylvania 18610.

11. All of the acts alleged to have been done or not to have been done by the Defendants were done or not done by the Defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said Defendants.

12. On or about January 30, 2015, Plaintiff was a business invitee at the Big Boulder Ski Resort, Blakeslee, Carbon County, Pennsylvania.

13. On the aforesaid date, Plaintiff was at the facility to ski.

14. On the aforesaid date, Plaintiff was walking in the lobby of the ski lodge at approximately 5:00 p.m.

15. While exercising due care and caution for his own safety, Plaintiff walked into the to the lobby of the lodge and was caused to trip over a small fan/blower that was placed in the walkway of the entry way, thereby causing a dangerous, defective and hazardous condition.

16. As a result of the aforesaid, Plaintiff sustained serious, painful and permanent injuries as more particularly described herein.

17. Defendants were at all relevant times negligent, careless and reckless in their operation, management, and maintenance of the Big Boulder ski lodge.

18. By inviting guests to the premises to use the facilities, Defendants owed their guests who were business invitees, including Plaintiff, a high duty of care to ensure that the ski lodge was free from dangerous and/or hazardous conditions that were known or should have been known through the exercise of reasonable care.

19. Furthermore, it was a non-delegable duty of Defendants not to create or allow to exist a known or reasonably known dangerous and/or hazardous condition, or if such dangerous and/or hazardous condition existed, to give proper notice or warning of such condition to guests and business invitees properly and permissibly within the Big Boulder ski lodge.

20. By causing and/or allowing a small fan/blower to exist in the area of Plaintiff's fall on January 30, 2015, Defendants created a dangerous and/or hazardous condition, of which Defendants were aware, should have been aware, or could have been aware through the exercise of ordinary care, and breached their duty to public invitees and Plaintiff herein.

21. At all times relevant hereto, Defendants had actual and/or constructive notice that a dangerous condition existed in the ski lodge lobby by placing the small fan/blower in the walkway of the entry way thereby creating the known dangerous and hazardous condition.

22. As a result of the aforesaid, Plaintiff sustained serious, painful and permanent

injuries as more particularly described herein.

## COUNT I. - NEGLIGENCE

### PLAINTIFF vs. DEFENDANTS

23. Plaintiff incorporates paragraphs 1 through 22 as fully as though set forth herein at length.

24. The negligence, carelessness and/or recklessness of Defendants during the time aforesaid consisted of, *inter alia*, the following:

(a) that although Defendants knew, or in the exercise of reasonable care should have known that such a dangerous and/or hazardous condition existed, Defendants failed to warn Plaintiff, Paul Dunn, through the posting of warning signs, and gave no notice whatsoever to business invitees including Plaintiff, Paul Dunn, of the presence of the dangerous and/or hazardous condition;

(b) failing to provide a safe premises for patrons such as Plaintiff, Paul Dunn, under the circumstances then and there existing;

(c) failing to properly supervise maintenance activities on the premises;

(d) failing to identify the defective condition;

(e) failing to take proper steps to remedy the dangerous condition on the floor in the area of Plaintiff's fall;

(f) placing a drying fan in the walkway in the path of business invitees, such as Plaintiff, Paul Dunn, creating a dangerous of hazardous condition;

(g) failing to warn Plaintiff, Paul Dunn, of the existence of and placement of the drying fan, which Defendants caused and/or allowed to remain in the area of Plaintiff's fall;

(h) failing to inspect the premises prior to and during his visit to ensure that they would not place a drying fan/blower placing it in the pathway of business invitees, becoming a dangerous and/or hazardous condition;

(i) failing to use reasonable and prudent care to keep the premises, specifically the lodge in a safe condition;

(j) failing to have the area where Plaintiff fell inspected at reasonable

     intervals;

(k) allowing a dangerous and/or hazardous condition to exist at the Big Boulder Ski Resort lodge;

(l) failing to instruct their employees, statutory employees and/or agents as to the proper care, maintenance and control of the premises of the Big Boulder Ski Resort lodge;

(m) failing to have adequate policies and procedures in place to ensure that the premises of the Big Boulder Ski Resort lodge was kept free from hazardous and/or dangerous conditions during the period of time when the business invitees were on the premises;

(n) failing to ensure that its agents, servants and/or employees followed any existing policies and procedures to ensure that the premises of the subject ski lodge was kept free from hazardous and/or dangerous conditions during the time when business invitees/guests were on the premises; and

(o) failing to keep the property owned, occupied, maintained and/or controlled by Defendants, and held open for invitees, in a reasonable and safe condition in violation of various codes, laws and ordinances, including but not limited to the local codes and ordinances.

25. The injuries sustained by Plaintiff, Paul Dunn as a result of the accident on January 30, 2015, were directly and proximately caused by the negligence, carelessness and recklessness of Defendants, acting through their agents, servants and/or employees who were all acting within the course and scope of their agency and/or employment relationship.

26. As a direct and proximate result of the January 30, 2015 accident, Plaintiff, Paul Dunn, sustained serious, permanent and painful injuries which include, but are not limited to, right mid-shaft radius and mid-shaft periprosthetic ulna shaft fracture; aggravation of previously fixed Monteggia fracture of right forearm; surgical treatment for fractures of the right forearm; occupational therapy; likely additional therapy and surgery; and shock and injury to his nerves and nervous system, all of which Plaintiff, Paul Dunn, believes may be permanent in nature, irreparable and severe.

27. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Paul Dunn, has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time into the future, to his great detriment and loss.

28. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Paul Dunn, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to affect a cure for the aforesaid injuries, and Plaintiff, Paul Dunn, will be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time into the future, to his great detriment and loss.

29. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Paul Dunn, has suffered monetary loss in the form of lost wages and loss of earning capacity, all to his great detriment and loss.

30. As a further result of the negligence, carelessness and recklessness of Defendants, Plaintiff, Paul Dunn, has and may in the future expend large sums of money for expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff, Paul Dunn, would have performed, not for income, but for the benefit of himself.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages in an amount in excess of the jurisdictional limits.

Respectfully Submitted:

**STARK & STARK, P.C.**

Dated: 1/9/17

By: _____
R. Tyler Tomlinson, Esquire

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury for all triable issues.

Respectfully submitted:

**STARK & STARK, P.C.**

By: _____
R. TYLER TOMLINSON, ESQ.
777 Township Line Rd., Suite 120
Yardley, PA 19067
(267)907-9600 Telephone
(267)907-9659 Facsimile
jcullen@stark-stark.com

*Attorneys for Plaintiffs*