## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Paul Dunn, | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | **No.: 3:17-cv-00058-MEM** |
| v. | : | |
| | : | |
| Jack Frost Big Boulder Ski Resort and | : | |
| JFBB Ski Areas, Inc., | : | |
| | : | |
| Defendants. | : | |

### PRE-TRIAL MEMORANDUM

Defendants Jack Frost Big Boulder Ski Resort and  JFBB Ski Areas, Inc., by and through their attorneys, Cipriani & Werner, P.C., and Anthony W. Hinkle, Esquire, brings and files the within Pre-trial Memorandum, setting forth as follows:

**Conference Date:  March 1, 2018**

**A.      A Brief Statement as to Federal Court Jurisdiction:**

This court has jurisdiction over this matter under 29 U.S.C. §1332, based upon the diversity of citizenship between the parties.

**B.      A Summary Statement of Facts and Contention as to Liability:**

This action arises out of a trip-and-fall incident that occurred at Big Boulder Ski Area on January 30, 2015.  Plaintiff contends on that date at approximately 5:56 p.m., when he was entering the main lodge of the ski area, he was caused to trip and fall over an industrial fan placed in the entranceway area of the lodge.  (A true and correct copy of a photograph of the incident scene taken after the accident is attached hereto and marked as Exhibit "A.")  It is Plaintiff's contention that the placement of the fan constituted a dangerous, defective and hazardous condition of the premises.  It is Defendants' position that the fan was open, obvious

and placed in a position so as not to obstruct patrons entering or exiting the lodge while

simultaneously aiding in keeping the entranceway area dry.

**C.**    **Comprehensive Statement of Undisputed Facts:**

- The accident occurred on January 30, 2015.
- The accident occurred at approximately 5:56 p.m. at the Big Boulder Ski Area lodge.
- Plaintiff entered the lodge with two of his friends immediately preceding the accident.
- Plaintiff, while walking, tripped and fell over the subject fan.

**D.**    **Brief Description of Damages:**

(i)    Principle injury sustained:

Plaintiff suffered a right mid-shaft radius and mid-shaft periprosthetic ulna shaft fracture.  Plaintiff aggravated a previously repaired fracture of the right forearm. Plaintiff underwent surgery and occupational therapy following the incident.

(ii)    Hospitalization and Convalescence

See above.

(iii)    Present Disability

None known to Defendants.

(iv)    Special Monetary Damages

None known to Defendants.

(v)    Estimated Value of Pain and Suffering

See Plaintiff's Pre-trial Memorandum

(vi)    Special Damage Claims

None known to Defendants.  See Plaintiff's Pre-trial Memorandum

**E.**    **Witnesses:**

1.    Kimberly Slack, 51 Hopi Road, Jim Thorpe, Pennsylvania 18229

2.    Paul Dunn, 1137 Mt. Laurel Road, Morristown, New Jersey  08057

    3.      Collin Johnston, 5615 Susan Road, Coopersburg, Pennsylvania 18036

    4.      Shannon Vetesy, 34 Mansi Drive, Albrightsville, Pennsylvania 18210

    5.      Carl St. Hill, P.O. Box 180x 155, Albrightsville, Pennsylvania 18210

    6.      Larissa Lopez, 102 Log Cabin Lane, Effort, Pennsylvania 18330

    7.      Chris Schmidt, Big Boulder, 434 Jack Frost Mountain Road, White Haven, Pennsylvania 18661

    8.      Danielle Dodge, Big Boulder, 434 Jack Frost Mountain Road, White Haven, Pennsylvania 18661

    9.      James Davenport, Big Boulder, 434 Jack Frost Mountain Road, White Haven, Pennsylvania 18661

    10.    Michael Dodge, Big Boulder, 434 Jack Frost Mountain Road, White Haven, Pennsylvania 18661

**F.**    **Summary of Testimony of Expert Witnesses:**

None on behalf of defendant JFBB Ski Areas, Inc.

**G.**    **Special Comment about Pleadings and Discovery:**

None on behalf of defendant JFBB Ski Areas, Inc.

**H.**    **Summary of Legal Issues:**

**1.**    **Whether Plaintiff has Failed to Establish Defendant Breached a Duty of Care?**

(It is Defendants' position that this incident was a mere accident, nothing more.  It is well-settled in this Commonwealth that "[t]he mere fact that an accident occurs does not give rise to an inference that the injured person was the victim of negligence."  McDonald v. Aliquippa Hospital, 606 A.2d 1218, 1220 (Pa. Super. 1992)).

**2.  Whether Plaintiff Failed to Diligently Watch Where he was Walking?**

(It is well settled law in the Commonwealth of Pennsylvania that one cannot say they looked but did not see what was plainly to be seen.  The "Rule," espoused in the Supreme Court

case of <u>Guy v. Lane</u>, 26 A. 2d 327 (Pa. 1942), states "[a] man will not be heard to say he has looked, where if he had looked, he must have seen what was plainly visible.")

**I.      Stipulations Desired:**

None by Defendants

**J.      Estimated Number of Trial Days:**

Two days exclusive of jury selection

**K.      Any Other Matter Pertinent to the Case to be Tried:**

None at present.

**L.      Exhibits:**

See attached.

**N.      Defense Counsel Statement:**

A person with full settlement authority will be present at the conference or available by telephone.

**O.  -   Counsel Certification Pursuant to Local Rule 30.10:**

Counsel have conferred and will diligently follow Local Rule 30.10.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

By:   _/s/ Anthony W. Hinkle_
Anthony W. Hinkle, Esquire
Attorney ID No. 49702
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700 telephone
Attorney for Defendants
Jack Frost Big Boulder Ski Resort
and JFBB Ski Areas, Inc.

## DEFENDANTS' EXHIBIT LIST

A.  Plaintiff's Complaint

B.  Answer with Affirmative Defenses

C.  Plaintiff's answers to Defendant's Interrogatories

D.  Plaintiff's response to Defendant's Request for Production

E.  Plaintiff's Rule 26 Disclosures

F.  Defendant's Rule 26 Disclosures

G.  JFBB Incident Report Form dated 1/30/15 completed by Danielle Dodge

H.  Premises Incident Report Form dated 1/30/15 completed by Danielle Dodge

I.  Incident Photo Log completed by Chris Schmidt

J.  Incident Diagram completed by Chris Schmidt

K.  Patroller Investigation Comments and Additional Comments completed by Chris Schmidt

L.  Patient Report Form

M.  Witness Statement of Collin Johnston

N.  Witness Statement of Shannon Vetesy

O.  Witness Statement of Carl St. Hill

P.  Witness Statement of Larissa Lopez

Q.  Color Photographs of accident scene

R.  Enlargements of Photographs of accident scene

S.  Industrial Fan allegedly involved in Incident

T.  Deposition transcript of Paul Dunn

U.  Deposition transcript of Melissa O'Connor

V.  Deposition transcript of Collin Johnston

W.      Deposition transcript of James Davenport

X.      Deposition transcript of Danielle Dodge

Y.      Deposition transcript of Kim Slack

Z.      Deposition transcript of Michael Dodge

AA.     Deposition transcript of Chris Schmidt

**EXHIBIT "A"**



## CERTIFICATE OF SERVICE

I, Anthony W. Hinkle, Esquire, hereby certify that a true and correct copy of Defendants'

foregoing Pre-trial Memorandum will be served this date as follows:

a. Electronically by the Court upon all counsel of record who are registered to receive same; or

b. By First Class Mail, postage pre-paid, or by electronic mail in accordance with Federal Rules of Civil Procedure, upon the below counsel should they not be electronically served by the Court:

Joseph A. Cullen, Jr., Esquire
Stark & Stark
777 Township Line Road, Suite 120
Yardley, PA 19067


CIPRIANI & WERNER, P.C.


By: */s/ Anthony Hinkle*
Anthony W. Hinkle, Esquire
Attorney for Defendants
Jack Frost Big Boulder Ski Resort
and JFBB Ski Areas, Inc.


Dated: February 23, 2018