# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL DUNN** | : | |
| Plaintiff | : | CIVIL ACTION NO. 17-58 |
| v. | : | (JUDGE MANNION) |
| **JACK FROST BIG BOULDER SKI RESORT and JFBB SKI AREAS, INC.** | : : | |
| Defendants | : | |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is the plaintiff Paul Dunn's ("Dunn") motion for a new trial (Doc. 39) and the defendants Jack Frost Big Boulder Ski Resort and JFBB Ski Areas, Inc.'s (collectively "Jack Frost") counter-motion for a new trial (Doc. 45). Based on the following, Dunn's motion (Doc. 39) will be **DENIED**, and Jack Frost's motion (Doc. 45) will be **DISMISSED AS MOOT**.

### II. BACKGROUND

On January 9, 2017, Dunn filed a complaint against Jack Frost for his injuries allegedly sustained because of Jack Frost's negligence. (Doc. 1). The case proceeded to a jury trial, which began on March 19, 2018. On

March 21, 2018, the jury reached a verdict and awarded Dunn $16,919.21 in medical expenses. (Doc. 37, at 4). However, Dunn only recovered fifty-one percent of the award because the jury found Dunn's contribution of causal negligence to be forty-nine percent. (Doc. 37, at 3). Thereafter, on April 16, 2018, Dunn filed the present motion for a new trial limited to the issue of damages. (Doc. 39). Dunn filed a brief in support of his motion the next day. (Doc. 40). On April 26, 2018, Jack Frost filed a brief in opposition to Dunn's motion. (Doc. 44). Jack Frost filed a counter-motion for a new trial on liability and damages the next day.[1] (Doc. 45). On April 30, 2018, Jack Frost filed a brief in support of its counter-motion. (Doc. 46). No brief in opposition has been filed. Both motions are ripe for disposition.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed.R.Civ.P. 59(a)(1)(A). "Nevertheless, new trials

---

[1] Jack Frost's counter-motion seeks a trial on both liability and damages if the court grants Dunn's motion for a new trial. Thus, because Dunn's motion for a new trial will be denied, Jack Frost's counter-motion will be dismissed as moot.

because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks the conscience." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

"Where the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict than in a case that deals with complex factual determinations . . . ." *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993) (citations omitted). "[T]he remedy of a new trial for insufficient damages is only appropriate where the evidence indicates that the jury awarded damages in an amount 'substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence.'" *Semper v. Santos*, 845 F.2d 1233, 1236 (3d Cir. 1988) (citations omitted).

## IV. DISCUSSION

Dunn argues that the failure of the jury to award damages for pain and suffering was contrary to the weight of evidence presented at trial and is a miscarriage of justice. As such, Dunn seeks a new trial limited only to the issue of damages. Through its opposition brief and counter-motion, Jack

Frost opposes a new trial, but argues that if a new trial is granted, it should include both liability and damages.

Without any specific citations to the record or trial testimony, Dunn generally concludes that the testimony of Melissa O'Connor, Collin Johnston, Mark Dunn, Moreen Dunn, and himself are evidence relating to pain and suffering that he presented at trial. Dunn notes that all this testimony was unchallenged by Jack Frost. Dunn also mentions that Jack Frost presented no medical testimony to contest the findings of his expert and Jack Frost conceded that Dunn suffered injuries and underwent treatment.

While unclear, Dunn's argument seems to imply that because multiple witnesses testified on his behalf without being challenged, that the weight of the evidence favors an award of pain and suffering. However, there is a difference between quantity and quality of evidence. The mere fact that Dunn presented multiple witnesses, who were uncontested, does not equate to the weight of the evidence being in his favor. Notably, the Third Circuit has reasoned that a jury is "under no obligation to believe testimony . . . even if that testimony [was] undisputed." *Id*. at 1237. As the finder of fact, the jury was free to draw its conclusion from the totality of the evidence presented at trial. The jury was in the best position to evaluate the credibility of the

witnesses and was under no obligation to believe any testimony, even if that testimony was undisputed.

Regardless, the evidence also fails to demonstrate an amount of pain and suffering damages that was "unquestionably proven" by such evidence. *Semper*, 845 F.2d at 1236. Ironically, the only amount of money mentioned in Dunn's motion and brief is the amount of medical expenses, which the jury awarded him. Dunn's papers make no mention of any amount of pain and suffering damages that he incurred or will incur because of his injuries. Thus, both Dunn and the record fail to demonstrate pain and suffering "unquestionably proven" by the evidence or "substantially more" than the jury's award. *Id*.

In light of the uncomplicated facts and verdict form, in this case, the court finds no reason to scrutinize the original findings of the jury. The decision of the jury not to award pain and suffering damages does not "shock the conscience", and we do not find the current verdict to be a "miscarriage of justice." *Williamson*, 926 F.2d at 1353.

## V. CONCLUSION

Based on the foregoing, Dunn's motion (Doc. 39) shall be **DENIED** and Jack Frost's counter-motion (Doc. 45) shall be **DISMISSED AS MOOT**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 30, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-58-01.DOCM